

Michail Z. Hack (MH-6127)
Quadrino Schwartz
666 Old Country Road - Ninth Floor
Garden City, New York 11530

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ANDREA SOFRONIOU,

    Plaintiff,

- against -

INA LIFE INSURANCE COMPANY OF
NEW YORK,

    Defendant.

---

**COMPLAINT**

Index No 06 CV 3282

**JURY TRIAL
DEMANDED**

Plaintiff, ANDREA SOFRONIOU, by and through her attorneys, QUADRINO & SCHWARTZ, P.C., as and for her Complaint against Defendant INA LIFE INSURANCE COMPANY OF NEW YORK hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff ANDREA SOFRONIOU, was and still is a resident of the County of Queens, State of New York.

2. Defendant INA LIFE INSURANCE COMPANY OF NEW YORK (hereinafter "INA") offers group long term disability policies to employers such as Plaintiff's employer, The Goldman Sachs Group, Inc. ("Goldman Sachs").

3. Upon information and belief and at all times hereinafter mentioned, Defendant INA is a corporation organized and existing under the laws of the State of New York

with its principal place of business at 195 Broadway, New York, New York.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq.*] and the regulations promulgated thereunder.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) because Defendant resides in this judicial district, are subject to personal jurisdiction in this judicial district, and maintain contacts in this judicial district sufficient to subject them to personal jurisdiction.

## FACTS

6. At all times hereinafter mentioned, Plaintiff was an employee of Goldman Sachs.

7. On or about January 1, 2002, Defendant INA issued Group Long Term Disability policy number NYK-030017 to Goldman Sachs (the "Policy").

8. At all times hereinafter mentioned, said Policy was issued for the benefit of certain eligible Goldman Sachs employees in exchange for the payment of premiums by Goldman Sachs.

9. At all times mentioned herein, Plaintiff SOFRONIOU was an employee of Goldman Sachs eligible for disability benefits and is an insured under the Policy issued by Defendant, INA.

10. The Policy provides, *inter alia*, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to an injury or sickness.

11. On June 01, 2004, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the

meaning and pursuant to the terms of the Policy in that she was unable to perform all the material duties of her own occupation and she was unable to earn more than 80% of her pre-disability earnings.

12. As of this date, Plaintiff SOFRONIOU continues to be disabled pursuant to the Policy's terms.

13. Plaintiff's disability is caused primarily by persistent, chronic, burning and electrical sensations in the hands, legs and feet; leg weakness ; loss of sensation in, and ability to move toes; difficulty walking more than one block without having to rest, despite her use of adaptive devices; slow, antalgic gait; difficulty thinking, neuropathic pain; blurred vision, history of lumpectomy with chemotherapy and 33 courses of radiation.

14. Plaintiff filed a claim, cooperated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

15. On or about December 10, 2004, Defendant INA advised Plaintiff that she was not eligible for long term disability benefits under the Policy.

16. By correspondence dated June 9, 2005, Plaintiff timely submitted her appeal of the INA's initial adverse benefit determination.

17. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

18. Defendant failed to issue a timely determination upon review as required by Department of Labor Regulation 29 C.F.R. § 2560.503-1.

19. By reason of the foregoing c conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of Ms. SOFRONIOU's claim.

20. Because Defendant failed to satisfy the minimum procedural safeguards set

forth in 29 C.F.R. § 2560.503-1, Defendant's initial Adverse Benefit Determination and decision upon review is not entitled to any judicial deference.

## COUNT ONE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

21. Pursuant to the Policy, Defendant was obligated to commence the periodic payment of monthly benefits to Plaintiff as of December 1, 2004.

22. Despite Plaintiff's total disability, Defendant refused and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

23. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

24. Monthly benefits to Plaintiff continue to be due and payable by Defendants with the passage of each month.

25. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced their adverse benefit determinations.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff, SOFRONIOU, prays that she may have an order and/or judgment pursuant to ERISA §502(a)(1)(B) as follows:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant, INA;

b)   Defendant INA must pay all benefits in arrears due and owing since the termination of benefits, plus interest; and

c)   INA's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the terms of and the applicable benefit period contained in the Policy.

d)   Such other relief as the Court deems just and equitable.

Dated: Garden City, New York
April 26, 2006.

By: _____
Michail Z. Hack (MH-6127)
Quadrino Schwartz
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

Attorneys for Plaintiff